# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DANIEL THOMAS LANAHAN #345-275
    Petitioner      :

 v.            : CIVIL ACTION NO. AW-09-3325

MARYLAND ATTORNEY GENERAL  :
    Respondent

## **MEMORANDUM**

Respondent moves to dismiss Daniel Thomas Lanahan's application for a writ of habeas corpus, as supplemented,[1] as time-barred pursuant to 28 U.S.C. § 2244(d). Paper No. 7. After reviewing the response,[2] the Court finds no need for an evidentiary hearing. *See* Rule 8(a), <u>Rules Governing Section 2254 Cases in the United States District Courts</u>; *see also* 28 U.S.C. §2254(e)(2). For reasons set forth herein, the Court shall dismiss the Petition with prejudice as time-barred.

### **Procedural History**

On July 24, 2007, Lanahan was convicted in the Circuit Court for Carroll County of first-degree assault. He was sentenced that same day to serve fifteen years in prison, with all but eight years suspended. Paper No. 7, Exhibit 1 at 4, 7-8 and Paper No. 4 at 1. Lanahan did not appeal this judgment of conviction, Paper No. 7 , Exhibit 1 at 4, and the judgment became final on August 23, 2007, when the time for filing an appeal expired. *See* Md. Rule 8-202 (notice of appeal to be filed within thirty days after entry of judgment). As of the filing date of Respondent's response, Lanahan has not sought post-conviction relief in the state courts. Paper

---

[1] Lanahan raises a plethora of grounds for relief from his 2007 conviction which center on his alleged lack of mental competency. Paper Nos. 1 and 4.

[2] Lanahan was provided an opportunity to present argument as to whether equitable tolling applies, *see* Paper No. 8, but has failed to do so.

No. 7, Exhibit 1 and Paper No. 4 at 5.

A one-year statute of limitations applies to habeas petitions. *See* 28 U.S.C. § 2244(d).[3] This one-year period is tolled while properly filed post-conviction proceedings are pending, and may otherwise be equitably tolled. *See* 28 U.S.C. §2244(d)(2); *Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000).

In order to be entitled to equitable tolling, Lanahan must establish that either some wrongful conduct by Respondent contributed to the delay in filing the Petition, or that circumstances that were beyond his control caused the delay. *See Rouse v. Lee*, 339 F. 3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson,* 209 F. 3d at 330. "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation

---

[3]This section provides:

> (1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B)     the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)     the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

period against the party and gross injustice would result." *Id.*

The Court is aware of the heavy demands placed on the Maryland Public Defender's Collateral Review Division, which is tasked with assisting state prisoners with post-conviction review. The Court further acknowledges that the federal limitations period might expire while a defendant waits for assistance with post-conviction review.[4] Lanahan notes that staff at Collateral Review informed him that counsel could not prepare his post-conviction petition in time to toll the federal limitations period, and advised him to file a post-conviction petition on his own.[5] Paper No. 4 at 5, Item 18. Lanahan has failed to do so. He also has failed to respond to court order to provide additional information to support any claim of equitable tolling.

Nothing in the record suggests that some extraordinary circumstance prevented Lanahan from promptly filing an uncounseled state post-conviction petition when advised to do so by counsel from Collateral Review. *See generally Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *Rouse*, 339 F.3d at 246. To the extent delay might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004). Lanahan has failed to satisfy his burden to demonstrate that equitable tolling is warranted, and the Petition is time-barred. For the reasons stated herein, the Court will deny and dismiss the Petition. A certificate of appealability will not issue because Lanahan has not made a "substantial showing of the denial of a constitutional

---

[4] In at least one instance this Court has appointed counsel to explore the equitable tolling argument. *See Patton v. Maryland*, Civil Action No. AW-08-1820 (D. Md.).

[5] Such a filing "stops the clock" on the federal limitations period and gives staff from Collateral Review an opportunity to meet with a defendant, obtain trial transcripts, file an amended post-conviction petition, and prepare for a post-conviction hearing.

right."[6] A separate order follows.

Date:   November 4, 2010

_____/s/_____
Alexander Williams, Jr.
United States District Judge

---

[6] When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.' " *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir.) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)).